UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| REBEKAH A. ATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02161-JED |
| | ) | |
| DIANE S. SYKES, | ) | |
| WILLIAM J. BAUER, | ) | |
| JOEL M. FLAUM, | ) | |
| FRANK H. EASTERBROOK, | ) | |
| KENNETH F. RIPPLE, | ) | |
| DANIEL A. MANION, | ) | |
| MICHAEL S. KANNE, | ) | |
| ILANA D. ROVNER, | ) | |
| DIANE P. WOOD, | ) | |
| DAVID F. HAMILTON, | ) | |
| MICHAEL B. BRENNAN, | ) | |
| MICHAEL Y. SCUDDER, JR., | ) | |
| AMY J. ST. EVE, | ) | |
| THOMAS L. KIRSCH, II, | ) | |
| CANDACE JACKSON-AKIWUMI, | ) | |
| TANYA WALTON PRATT, | ) | |
| SARAH EVANS BARKER, | ) | |
| RICHARD L. YOUNG, | ) | |
| JANE E. MAGNUS-STINSON, | ) | |
| JAMES R. SWEENEY, II, | ) | |
| JAMES PATRICK HANLON, | ) | |
| TIM A. BAKER, | ) | |
| DEBRA MCVICKER LYNCH, | ) | |
| MARK J. DINSMORE, | ) | |
| MATTHEW P. BROOKMAN, | ) | |
| DORIS L. PRYOR, | ) | |
| MARIO GARCIA, | ) | |
| CRAIG M. MCKEE, | ) | |
| VAN T. WILLIS, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Rebekah Atkins, pro se, is suing all the judges of the Court of Appeals for the Seventh Circuit and all the district and magistrate judges in the Southern District of Indiana. Ms. Atkins is requesting to proceed without having to pay the filing fee. She may be financially eligible to proceed *in forma pauperis*,[1] but the Court also has an obligation under 28 U.S.C. § 1915(e)(2) to dismiss a complaint if the Court determines that the complaint "fails to state a claim on which relief may be granted" or that the action "is frivolous or malicious." Under federal pleading standards:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and internal citations omitted).

The gravamen of Ms. Atkins's fifty-page complaint appears to be her allegation that the defendants are "Criminals/Gangsters/Pirates/ID Thieves . . . masquerading as 'Federal Judges' in the U.S. Federal Courts." (Compl., DE 1 at 13.) She believes that they stole her identification "most likely since [her] birth" (*id.* at 11) and are now preventing her from accessing court records. Furthermore, according to the complaint, the defendants are hiding the records in a secret offline PACER system. In fact, this complaint essentially repeats the claims Ms. Atkins has previously brought against the Clerk's Office employees in the Southern District of Indiana which the Court of Appeals found to be factually frivolous because they were "irrational,

---

[1] Just days after Ms. Atkins filed this lawsuit, the Court of Appeals for the Seventh Circuit prohibited her "to proceed in forma pauperis in noncriminal matters in any court within this circuit." *Atkins v. Sharpe*, Case No. 21-1831 (7th Cir. August 11, 2021). Because the prohibition was enacted after Ms. Atkins had already filed her in forma pauperis petition, it's not applicable here.

2

fanciful, fantastic, delusional, or incredible." *Atkins v. Sharpe*, 854 F. App'x 73, 75 (7th Cir. 2021).

Ms. Atkins's complaint must be dismissed for three reasons. First, she is suing defendants—judges of the Court of Appeals and district and magistrate judges—who have absolute immunity from her claims that they have misappropriated their authority. *See Butz v. Economou*, 438 U.S. 478, 511 (1978) ("Judges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities."). Second, her claims are just as frivolous as they were in *Atkins v. Sharpe*, even if they are directed to different defendants and even if she could get around the judicial immunity. And third, Ms. Atkins cannot continue prosecuting this case because, on August 11, 2021, the Court of Appeals for the Seventh Circuit has sanctioned her with a prohibition from filing any more papers in federal courts in this circuit: "[u]nless and until she pays all outstanding filing fees, the clerks of all federal courts in this circuit are directed to return unfiled any papers submitted by or on behalf of Atkins." *Atkins*, Case No. 21-1831 at 2. There's no indication that she has complied with that order.

There are several other pending motions that need to be addressed for clarity. Ms. Atkins is requesting appointment of counsel. (DE 5.) "There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)), and while in some cases counsel may be appointed, such request is moot where, as here, the complaint is frivolous, fails to state a claim, and seeks relief from immune defendants. *See* 28 U.S.C.A. § 1915 ("[T]he court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue; or . . . the action or

3

appeal . . . is frivolous or malicious . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief.")

Next, Ms. Atkins has requested that this case be transferred to the United States Court of Federal Claims. (DE 15.) This motion is as frivolous as the complaint itself and does not warrant discussion. Meanwhile, even though no judgment had been entered, and even though the Southern District of Indiana is located in the Seventh Circuit, Ms. Atkins filed a notice of appeal with the United States Court of Appeals for the Federal Circuit (DE 21) and an accompanying motion to proceed in forma pauperis on appeal (DE 23.) Generally, when an interlocutory appeal is filed, the case gets stayed. However, "a notice of appeal may be so baseless that it does not invoke appellate jurisdiction." *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989). Such is the case here. First, Ms. Atkins is appealing to the Court of Appeals for the Federal Circuit without any showing that it has jurisdiction over her appeal. Second, her appeal itself is mere fiction because this case had been filed only recently and the Court has not issued any decision from which to appeal. Accordingly, the Court declines to stay this case. Moreover, for the same reasons, the Court will deny Ms. Atkins's motion to proceed in forma pauperis on appeal.

For these reasons, the Court:

- DENIES Ms. Atkin's motion for appointment of counsel (DE 5);
- DENIES the motion to transfer this case to the Court of Federal Claims (DE 15);
- DENIES the motion to proceed in forma pauperis on appeal (DE 23);
- DENIES all other pending motions as moot;
- DISMISSES this case and, consistent with *Atkins v. Sharpe*, Case No. 21-1831 (7th Cir. August 11, 2021), ORDERS the Clerk to STRIKE any papers Ms. Atkins has filed in this case on or after August 11, 2021 (copies of stricken entries should be mailed to Ms.

Atkins), and ORDERS that any future filings in this case must be returned to her unfiled, consistent with the Clerk's usual procedures in such cases; and

- DIRECTS the Clerk to send a copy of this Order to the United States Court of Appeals for the Federal Circuit.

SO ORDERED.

ENTERED:

                                                   /s/ JON E. DEGUILIO
                                                   Chief Judge
                                                   United States District Court

Distribution:

REBEKAH A. ATKINS
5017 E. Tunnell Road
Marengo, IN 47140